## Reuben Whittier *vs.* Edward K. Vose & *al.*

The declarations of the payee of a negotiable note, made while he retains it in his possession, are admissible in evidence, although he may previously have written thereon his indorsement to a third person in whose name the action is brought.

If one party be erroneously permitted to give in evidence the declarations of a supposed agent, and afterwards the agent is introduced as a witness by the other party, and testifies in relation to those declarations, such erroneous admission of evidence furnishes no cause for setting aside the verdict.

Where a sale of land has been effected by fraudulent representations, and an action is brought by the purchaser to recover the damages sustained thereby, the commencement and pendency of such suit does not preclude the purchaser from giving evidence of the fraud in defence of an action on a note given as the consideration of the sale.

Exceptions from the Court of Common Pleas, Perham J. presiding.

Assumpsit on a note of hand, dated *August* 22, 1835, for $1575,75, payable to *Benjamin Carr* or order, in one year from date, and by him indorsed, "without recourse." The exceptions, without stating the evidence, or that any had been offered, after the description of the note, proceed to state, "that the defendants contended, that the transaction out of which the note originated was fraudulent. The plaintiff objected to any evidence to impeach the consideration of the note, it being sued by an indorsee; but it was contended by the defendants, and proved by the admissions of the plaintiff, that the plaintiff and *Carr*, the indorser, and *Theodore S. Brown* were jointly interested in the land on account of which the note was given, and that said *Carr* sold it on the joint account of the three, and as their agent, and on this ground, evidence tending to show the transaction fraudulent was admitted. The Judge instructed the jury, that if *Carr* made fraudulent representations to induce the defendant to purchase said land, then the whole transaction was fraudulent, even as to the plaintiff and *Brown*, if *Carr* was by them authorized to effect the sale, and they adopted it. The defendants offered to prove that *Carr*, six months after the sale, admitted that he had made to the defendants at the time of the sale, certain representations which had been previously made to said *Carr* by the plaintiff as to the land, before

the time of sale, which the defendants contended were false. To this evidence the plaintiff objected, but it was admitted. The plaintiff proved that the defendants commenced an action against said *Carr* for $6000 damages, and that the action was still pending, for the false and fraudulent representations made by *Carr* to induce the defendants to purchase the land. And the plaintiff contended, that by that act the defendants had made their election to affirm the contract, and therefore that they had no defence to this action, even if there was fraud in the contract, and requested the Judge so to instruct the jury, which he declined doing. The defendants tendered, at the trial, to the plaintiff a deed, duly executed and acknowledged, of the land to *Carr, Whittier* and *Brown*, and an offer of the amount already paid, on condition of receiving their notes back. The deed was put on file. It appeared in evidence that the note in suit was indorsed by *Carr* in the winter of 1836—7, and was not delivered to the plaintiff until after the action was commenced, the writ being dated *March* 4, 1837. And upon this evidence the Judge left it to the jury to determine whether there was an offer by the defendants to rescind the contract prior to the commencement of the suit." The verdict was for the defendants, and the plaintiff filed exceptions. The exceptions were signed and allowed by the Judge, and immediately following there was a statement subjoined, signed by the Judge, at the request of the *plaintiff's* counsel, in which it appears that "the above named *Benjamin Carr* was introduced by the plaintiff as a witness on the trial after the above evidence had been given in by the defendants, and was fully examined as to the whole transaction, but particularly as to the admissions which he was alleged to have made after the transaction was completed, as to the representations made to him sometime before the sale by the plaintiff as to the value of the land, and he denied that he had made some of the material admissions after the sale, or such representations at the time of sale, or that the plaintiff had ever so represented to him. These alleged admissions were testified to by *Rufus C. Vose*, a brother of the defendants."

*W. Kelley* argued for the plaintiff.

1. The admission of the confessions of *Carr*, made six months after the transaction had taken place, was erroneous. If he was

agent, it was only for that single transaction, and no admissions made afterwards can be evidence. There is here no pretence of a general agency. Nor are such confessions admissible, where the agent can be called as a witness. *Masters* v. *Abraham*, 1 *Esp. R.* 375 ; *Hellyar* v. *Hawke*, 5 *Esp. R.* 72 ; *Bridge* v. *Egglestone*, 14 *Mass. R.* 245 ; 2 *Stark. Ev.* 43, 60.

2. The defendant, by bringing his action against *Carr* for the fraud, has elected to consider the contract as binding. He also made the same election by not tendering a reconveyance of the land within a reasonable time. *Kimball* v. *Cunningham*, 4 *Mass. R.* 502 ; *Norton* v. *Young*, 3 *Greenl.* 30 ; *Conner* v. *Henderson*, 15 *Mass. R.* 319.

*W. G. Crosby* and *J. S. Abbot*, for the defendants. The note was due, when it came into the hands of the plaintiff, and therefore subject to any defence which could be made, if the action was by *Carr*. The declarations of *Carr* are admissible, because at the time they were made the note was in his hands, and because he was jointly interested in it with the plaintiff, and because *Carr* was called as a witness by the plaintiff. It is immaterial which was first introduced. When the admissions were made, *Carr* was acting as agent of the plaintiff and *Brown* as well as for himself. The principal is as much bound by the declarations of his agent, as if they had been made by himself. The plaintiff, by a recovery in this action, would be enabled to reap the fruits of his own iniquity. *Paley on Agency, c.* 3, § 1, 2 ; *Tucker* v. *Smith*, 4 *Greenl.* 415 ; 4 *T. R.* 39 ; 1 *Campb.* 127 ; *Fox* v. *Whitney*, 16 *Mass. R.* 118 ; *Stark. Ev.* 44, 45, 47 ; *Parker* v. *Merrill*, 6 *Greenl.* 41. The offer on the part of the defendants to rescind the contract was properly left to the jury, and they have settled it. Bringing an action to recover damages insists on the fraud, and does not negative it. This defence does not afford a perfect remedy, but the defendants may avail themselves of it, if they choose, as no satisfaction or even judgment has been obtained in the other.

The opinion of the Court was by

EMERY J. — The note in this case was dated *August* 22, 1835, signed by the defendants, payable in one year from date to *Benjamin Carr*, or order, by him indorsed, " without recourse." The

writ in the suit bears date the 4th of *March*, 1837. From the case as stated in the exceptions, it may be concluded, that *Carr, Whittier & Brown* were jointly interested in the land for which the note in question was given; that *Carr* sold the land on the joint account of the three and as their agent; that in the winter of 1836–7, the note was indorsed by *Carr*, but not delivered to the plaintiff till after this action was commenced. Nothing then in the evidence contradicts the inference that the note was in *Carr's* possession until after this prosecution was instituted.

Whatever was said by *Carr* during that period, or cotemporary with his possession of the note, would be evidence. *Collenridge* v. *Farquharson*, 1 *Stark. Cases*, 207, (*Exeter Ed.*)

Fraud will vitiate a contract, although the principal take no part in it, for he is civilly responsible for the acts of his agents. And the agent's sayings within the scope of his authority, whether true or false, are just as binding on the principal as if they had been actually made by him. 2 *Stark. Ev.* 60; *Doe* v. *Martin & al.*, 4 *T. R.* 39. In cases where partners and others possess a community of interest in a particular subject, not only the act and agreement, but the declaration of one in respect of that subject matter, is evidence against the rest. Whatever might be said as to the proof of the admissions of *Carr*, had nothing more occurred in the trial, every objection on that score, is entirely done away with, by the introduction of *Carr* himself, as a witness, who was fully examined as to the whole transaction. He denied that he made some of the material admissions after the sale, or such representations at the time of the sale, or that the plaintiff had ever so represented to him. Yet the whole evidence went to the jury. And we must conclude from their verdict upon the evidence, that they found that *Carr* made fraudulent representations to induce the defendants to purchase the land; that *Carr* was by the three, authorized to effect the sale; and they adopted it.

The *false* representations are not made *true* by the commencement of an action against *Carr* for recovery of damages on account of the defendants having been induced by those representations to make the purchase. That action might have been a precautionary measure to protect themselves against the consequences of giving the notes, when they might not be satisfied with the

strength of the proof of which they were informed, they could bring forth to connect the plaintiff with the transaction. It is still pending. It may never go to judgment. But the remedy for making false representations, if made fraudulently with intent to deceive, and damage ensue, will lie against a person not interested in the property, as well as if he were owner. The pursuit of such a remedy is not necessarily an affirmance of the contract. It might rather go to shew that no confirmation ought to be made. The damages in such an action might possibly be affected in some measure by the success of an entire defence against the notes given. A party may have a defence against a claim upon a contract on the ground of fraud upon him; but this could not constitute an answer to *his* action upon the contract, for a party cannot avail himself of his own wrong.

We cannot say the Judge was wrong in declining to give the requested instruction on that point.

The subject of the offer by the defendant to rescind the contract prior to the commencement of the suit, was left to the jury upon the evidence. As a formal tender may be excused by the declarations or other acts of a creditor, the question, whether there has been an offer and refusal, are questions for the determination of a jury. *Warren* v. *Mains*, 7 *Johns. R.* 476; *Coit* v. *Houston*, 3 *Johns. Cas.* 243.

Upon a review of the circumstances developed, we are not satisfied, that we ought to send the case to a new trial, as what is stated, leads us to the belief, that substantial justice has been done by the verdict. The plaintiff can avail himself of the deed which is left on file, if he chooses to do so on the terms upon which it was deposited.

*Exceptions overruled.*